**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Andrew Koteles**
    Debtor(s)

Bankruptcy Case No.: 17–23972–JAD
Issued Per May 10, 2018 Proceeding
Chapter: 13
Docket No.: 46 – 23, 35
Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated November 3, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $7,378 as of May 2018. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PA Department of Revenue at Claim No. 1–3; I.R.S. at Claim No. 6 secured claim to be paid with 4 percent interest; JPMC Specialty Mortgage LLC at Claim No. 7 .

☒ H. Additional Terms: The secured claim of Steve & Lida Levandowsky at Claim No. 5 shall govern as to claim amount, to be paid at the modified plan interest in monthly amount to be determined by Trustee.

*(2.)   IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.     Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.     Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.     Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.     Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.     Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: May 23, 2018

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                        United States Bankruptcy Court
                        Western District of Pennsylvania
In re:                                                         Case No. 17-23972-JAD
Andrew Koteles                                                 Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: jhel             Page 1 of 2          Date Rcvd: May 23, 2018
                              Form ID: 149           Total Noticed: 14


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 25, 2018.
db             +Andrew Koteles,    130 Demar Boulevard,    Canonsburg, PA 15317-2216
cr             +T. Lawrence Palmer Office of Attorney General, Pen,    Office of Attorney General,
                 5th Floor, Manor Complex,    564 Forbes Avenue,    Pittsburgh, PA 15219-2992
cr             +United States of America Department of the Treasur,    c/oOffice of U.S. Atty for W.D. of PA,
                 U.S. Post Office & Courthouse,    700 Grant Street, Suite 4000,    Pittsburgh, PA  15219,
                 U.S.A. 15219-1956
14704093        Commonwealth of Pennsylvania,    Department of Revenue,    Harrisburg, PA 17203
14704094        Craig Dean  Koteles,    Canonsburg, PA 15317
14704095       +Internal Revenue Service,    P.O. Box 682,    Pittsburgh, PA 15230-0682
14826017       +JPMC Specialty Mortgage LLC,    c/o Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
14704096       +Kimberly Koteles,    130 Demar Avenue,    Canonsburg, PA 15317-2216
14720449       +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
14704097       +Steve and Lida Levandowsky,    P.O. Box 6,    Finleyville, PA 15332-0006
14704098       +Steve and Linda Levandowsky,    P.O. Box 6,    Finleyville, PA 15332-0006
14704099       +Washington Hospital,    155 Wilson Avenue,    Washington, PA 15301-3398
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14790036        E-mail/PDF: resurgentbknotifications@resurgent.com May 24 2018 01:41:59
                 Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
                 Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
14712754        E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 24 2018 01:40:17
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                              TOTAL: 2

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             JPMC Specialty Mortgage LLC
cr             JPMORGAN CHASE BANK, N.A
cr             Linda Levandosky
cr             Steve Levandosky
14704092       Chase Mortgage,    4615 Vision Drive,    Mason, OH
cr*           +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
                                                                                   TOTALS: 5, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 25, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 23, 2018 at the address(es) listed below:
              Christopher P. Furman    on behalf of Creditor Linda  Levandosky cpfurman@gmail.com
              Christopher P. Furman    on behalf of Creditor Steve  Levandosky cpfurman@gmail.com
              James  Warmbrodt    on behalf of Creditor    JPMC Specialty Mortgage LLC bkgroup@kmllawgroup.com
              Jeffrey S. Golembiewski    on behalf of Debtor Andrew  Koteles jgolembiewski@yahoo.com,
               denisegole@yahoo.com
              Jill  Locnikar    on behalf of Creditor    United States of America Department of the Treasury,
               Internal Revenue Service jill.locnikar@usdoj.gov,
               patricia.fitzgerald@usdoj.gov;deborah.verrilla@usdoj.gov;caseview.ecf@usdoj.gov
              Joshua I. Goldman    on behalf of Creditor    JPMC Specialty Mortgage LLC bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
```

```
District/off: 0315-2            User: jhel                 Page 2 of 2              Date Rcvd: May 23, 2018
                                Form ID: 149               Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
          T. Lawrence Palmer    on behalf of Creditor T. Lawrence Palmer  Office of Attorney General, Pennsylvania Department of Revenue lpalmer@attorneygeneral.gov,   MarkSPalmerPC@aol.com
                                                                                      TOTAL: 10