IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Andrew Koteles<br>            Debtor, | Case No. 17-23792-JAD<br><br>Chapter 13 |
| Steve Levandosky and Linda Levandosky,<br>His wife<br>            Movants,<br>v.<br>Andrew Koteles and Ronda J. Winnecour<br>Chapter 13 Trustee,<br>            Respondents | Docket Document No. 86<br>Related to DD No. 81 |

**RESPONSE TO MOTION FOR RELIEF FROM STAY**

AND NOW the Debtor/Respondent Andrew Koteles, through his counsel Justin P. Schantz, Esq., files the within Response to Mr and Mrs. Levandosky's Motion for Relief From the Automatic Stay. In support of that Response, the Debtor avers the following:

1. Admitted.

2. Admitted. By way of further response, the contract appears to be a land sale agreement.

3. Admitted.

4. Admitted.

5. Admitted in part, and denied in part. It is admitted that Mr. and Mrs. Levandosky are to be paid through the Debtor's original Chapter 13 Plan, as well as through the recently filed Amended Chapter 13 Plan. However, the Order confirming Plan indicated that the amount to be paid regularly to Mr. and Mrs. Levandosky would be an amount determined by the Chapter 13 Trustee. The Chapter 13 Trustee's records indicate that payment as $3,667.26.

6. It is admitted that the Debtor has missed some recent payments, and that prior to that, the Debtor was not remitting full Plan payments post-confirmation. However, the Debtor has filed an Amended Chapter 13 Plan to address the arrears in the Debtor's original Plan, as well as to address a legal issue that current counsel discovered – namely, that the value of the real property at issue, and thus the liquidation alternative, was based on the Debtor having a fee simple interest in the property as opposed to the Debtor's actual interest in

    the property.  By way of further response, payments from Plan funding are calculated by the Office of the Chapter 13 Trustee, and not the Debtor.

7. It is admitted that the Chapter 13 Trustee did not make distributions to Mr. and Mrs. Levandosky on the sates listed.  By way of further response, see the response to Paragraph 6.

8. The Debtor has insufficient information to determine the truth or falsity of this statement, and thus the same is denied.  By way of further response, the Motion does not specify the alleged damages and failures to maintain the property, and does not explain if the other alterations and alleged giving of permission to install a gas line in fact reduced the value of the property, as opposed to improving the value of same.

9. Denied.  Instead, the Trustee has filed an Affidavit of Default, which the Debtor has responded to by filing an Amended Plan.  That Amended Plan remains pending before this Court.

10. This is a statement of the Movant's requested relief, and not an allegation of fact, such that no response is required.  However, if a response is required, the same is denied.  By way of further response, the Debtor believes stay relief is inappropriate because the Movant will b adequately protected by the Debtor's Amended chapter 13 Plan, which still provides for full payment of the secured portion of Movant's claim over the life of the bankruptcy, and reduces the overall Plan payments by reducing the amount to be provided to unsecured creditors.

    WHEREFORE, the Debtor respectfully requests the Movants' Motion for Relief from the Automatic Stay be denied.

EXECUTED ON: March 9, 2020                    /s/Justin P. Schantz
                                                                Justin P. Schantz, Esquire
                                                               David A. Colecchia and Associates
                                                               324 S. Maple Avenue, Greensburg, PA 15601
                                                               724-837-2320
                                                               jschantz@my-lawyers.us
                                                                PA ID 210198