IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 17-23972-JAD |
| | ) | |
| ANDREW KOTELES, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Related to Doc. No. 81 |
| | X | |
| | ) | |
| STEVE LEVANDOSKY, and | ) | |
| LINDA LEVANDOSKY, his wife, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW KOTELES, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RONDA J. WINNECOUR, Trustee, | ) | |
| | ) | |
| Trustee. | ) | |
| | X | |

## ORDER SCHEDULING EVIDENTIARY HEARING

**AND NOW**, this 9th day of July, 2020, based on the discussion on the record of the July 8, 2020 hearing in the above-captioned matter, the Court hereby **ORDERS, ADJUDGES, and DECREES** that an evidentiary hearing on the *Motion for Relief From Stay* (ECF No. 81) filed by Movants, Steve Levandosky and Linda Levandosky, shall be conducted on November 12, 2020, at 10 a.m. (the "Hearing").

The issues to be addressed at the Hearing shall be: (i) whether "cause" exists to grant relief from the automatic stay including lack of adequate protection, and/or (2) whether there is equity in the subject property and whether the subject property is necessary for an effective reorganization.

Discovery is open for a period of sixty (60) days from the date of this order. Objections to any part of this order shall be filed within seven (7) days.

The parties are directed to meet and confer with each other and on or before October 1, 2020, shall file a stipulation of uncontested facts and also identify facts which are in dispute.

On or before October 22, 2020, the parties shall file their pre-hearing briefs. On or before November 5, 2020, the parties shall file on the docket their Hearing exhibits. Hearing exhibits shall be filed in accordance with paragraph 6 below.

Due to the ongoing public health crisis, the Hearing shall be held entirely by video. This includes the remote examination of witnesses, which is permissible under Federal Rule of Civil Procedure 43(a), made applicable herein by Federal Rule of Bankruptcy Procedure 9017, "[f]or good cause in compelling circumstances and with appropriate safeguards[.]" Accordingly, the Court **FURTHER ORDERS** as follows:

1. **Use of "Zoom"**: The Hearing on the above-referenced matters shall be conducted remotely using "Zoom." All parties (including counsel and witnesses), as well as the Court shall participate in this manner.

2. **Speed Tests**: Prior to the date of the Hearing, all hearing participants are directed to test their internet connection speed to ensure that it is at least 3 Mbps. Participants shall also test their ability to run Zoom using https://www.zoom.us/test. Counsel shall ensure that all witnesses have access to Zoom and have complied with their testing obligations prior to the Hearing.

3. **Registration of Zoom Users**: To allow the Court to properly plan for the Hearing, no later than November 5, 2020, each party must register with the Court all persons representing or sponsored by the party (i.e. counsel, witnesses, party representatives) who wish to attend the Hearing via Zoom. Registration is made by e-mailing a list containing each person's name, relationship to the party, and role in the Hearing to my Law Clerk, Juliann L. Haynes-Held, at juliann_haynes-held@pawb.uscourts.gov . Registration information should also include what type of device each person will be connecting from. If any person intends to connect by audio only via telephone, the telephone number should also be included. This information will be used only for purposes of identifying incoming participants to the Zoom session and will not be made public.  In order to optimize the use of Zoom, the Court requests that, if possible, counsel limit requests for Zoom participation to one attorney per law firm. Of course, all counsel expecting to question a witness should attend via Zoom.

4. **Access to Zoom Hearing**: No later than twenty-four (24) hours prior to the Hearing, a representative of the Court will e-mail counsel (or if a party

3

is pro se, the party) a link to access the Zoom "meeting room." Counsel shall be responsible for distributing the link to any witnesses or other hearing participants previously registered by the party counsel represents. If counsel has not received the link by the designated timeframe, counsel shall contact Chambers. Before contacting Chambers, however, counsel should check their "junk" and "spam" folders.

5. **Zoom Instructions**: For the purpose of ensuring a smooth and efficient hearing, prior to the date of the Hearing all hearing participants (including counsel and witnesses) shall review the following information in order to familiarize themselves with the use of Zoom:

   a. **Hardware**: Zoom is compatible for use on mobile devices (such as a smartphone or tablet) or personal computer (laptop or desktop) which have a camera and microphone.

   b. **Installation/Update of Zoom**: To participate you need to install the Zoom app on your smartphone/tablet or install the Zoom software on a Windows or Mac laptop/desktop. If you already have Zoom installed on the device you are using for the Hearing, you must ensure the application is updated to the most recent version.



c. **Testing Your Device**: As stated above, all hearing participants are required to test their device compatibility with Zoom requirements prior to the date of the Hearing. Participants can test their ability to operate Zoom at https:www.zoom.us/test. Tests must be conducted on the same device that will be used to participate in the hearing.

d. **Using Zoom**: Using the device on which Zoom has been installed and tested, click on the link to the meeting.



For additional assistance using Zoom, please consult the Zoom "Help Center" at https://support.zoom.us/hc/en-us which offers "quick start guides" and video tutorials.

   e. **Screen Mode**: Parties are expected to view the Hearing using the "Speaker View" mode.

6. **Exhibits**: No later than November 5, 2020, the parties shall file on the docket all exhibits to be presented at the Hearing. Each party's exhibits shall be compiled into a single pdf document with continuous bates numbering (i.e. numbering shall not restart with each document). Each party shall file their compiled exhibits on the docket with the label "[Party Name]'s Exhibits for [Date] Hearing". The intent behind this instruction is to create a single location for each party's exhibits for ease of reference for all hearing participants. As the Court will be the party "sharing" the referenced documents via Zoom during the Hearing, compliance with exhibit filing instructions is essential to the smooth and efficient

presentation of exhibits. To the extent the volume of exhibits is too large for a single pdf filing, parties may make additional docket entries (ex. "[Party Name]'s Exhibits for [Date] Hearing – Part II"). The bates numbering of the additional entries shall be continuous from the prior docket entry. Prior to the date of the Hearing, counsel (or the party if pro se) shall ensure that all of its witnesses have been supplied with a copy of the exhibits.

7. **Witnesses**: In addition to the registration of witnesses as Zoom participants under paragraph 3 above, no later than November 5, 2020, each party shall file on the docket the following information for each witness:

   a. The name and title of the witness;
   b. The general topic(s) of the witness's testimony;
   c. The geographical location of the witness (city, state, country);
   d. The type of location from which the witness will testify (ex. residence, office, etc.). For privacy reasons, please do not include an exact address;
   e. Indicate whether anyone will be in the room with the witness during testimony and if so, the identity of that person (name/title/relationship to witness) and the purpose of their presence, and;
   f. Which exhibits, if any, the party expects to utilize during examination of the witness.

8. **Recording of Hearing**: Other than the Court, no party or hearing participant may record any part of the Hearing, whether by use of the Zoom recording capabilities, third-party applications, or by any other means.

9. **Minimization of Noise Interference**: One of the challenges the global health crisis has created is the need for many to conduct work out of

7

informal workspaces. As a result, these workspaces are often not protected from the ambient noises of life (ex. pets, other persons in the household, phone line interference, etc.). While the Court certainly understands the situation, the Court requests that all Zoom participants make a concerted effort to minimize all background noise. As part of this effort, all Zoom participants must mute their microphone upon connecting to Zoom and should remain in that posture unless actively speaking. Unless counsel is making an objection to testimony or unless directly addressed by the Court, during the course of the Hearing counsel should indicate a desire to speak by "raising their hand" in the chat feature of the Zoom Hearing. Using this feature will send a notification to the Court and counsel will be provided with an opportunity to address the Court. It is strongly recommended that counsel familiarize themselves with this feature prior to the Hearing.

Dated: July 9, 2020

_jlh_

Jeffery A. Deller
United States Bankruptcy Judge

Case Administrator to mail to:

Debtor
Justin P. Schantz, Esq.
Neil J. Marcus, Esq.
Ronda J. Winnecour, Trustee

FILED
7/9/20 11:57 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 17-23972-JAD
Andrew Koteles                                                            Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: dkam          Page 1 of 1                Date Rcvd: Jul 09, 2020
                              Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2020.
db             +Andrew Koteles,    130 Demar Boulevard,    Canonsburg, PA 15317-2216

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2020 at the address(es) listed below:
    Anthony T. Kovalchick   on behalf of Creditor    Office of Attorney General, Pennsylvania Department of Revenue akovalchick@attorneygeneral.gov
    Christopher P. Furman    on behalf of Creditor Steve  Levandosky cpfurman@gmail.com
    Christopher P. Furman    on behalf of Creditor Linda  Levandosky cpfurman@gmail.com
    James  Warmbrodt    on behalf of Creditor    JPMC Specialty Mortgage LLC bkgroup@kmllawgroup.com
    Jill  Locnikar    on behalf of Creditor    United States of America Department of the Treasury, Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov
    Joshua I. Goldman    on behalf of Creditor   JPMC Specialty Mortgage LLC jgoldman@kmllawgroup.com
    Justin P. Schantz    on behalf of Debtor Andrew  Koteles jschantz@my-lawyers.us, colecchia542@comcast.net;office@my-lawyers.us;sshipley@my-lawyers.us;jmonroe@my-lawyers.us;rjuliano@my-lawyers.us;ekudlock@my-lawyers.us
    Kevin Scott Frankel    on behalf of Creditor   JPMORGAN CHASE BANK, N.A pabk@logs.com
    Neil J. Marcus    on behalf of Creditor Linda  Levandosky neiljmarcus@comcast.net
    Neil J. Marcus    on behalf of Creditor Steve  Levandosky neiljmarcus@comcast.net
    Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
    Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
    S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                                                                                      TOTAL: 13