IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Andrew Koteles<br>              Debtor, | Case No. 17-23972-JAD<br><br>Chapter 13 |
| Steve Levandosky and Linda Levandosky, His wife<br>              Movants,<br>v.<br><br>Andrew Koteles and Ronda J. Winnecour Chapter 13 Trustee,<br>              Respondents | Docket Document No. 115<br>Related to DD No. 100 |

PRE-HEARING BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW the Debtor Andrew Koteles files the within pre-hearing brief in opposition to the Motion for Relief from the Automatic Stay filed by Steve Levandosky and Linda Levandosky.

INTRODUCTION

In this matter, the Court must address relief from the automatic stay under **11 USC §362 (d)(1) and (d)(2)**[1]. As previously identified by this Court in its Order at DD No. 100, there are two legal issues to be addressed:  1) whether "cause" exists to grant relief from the automatic stay, including a lack of adequate protection, and 2) whether there is equity in the subject property and the subject property is necessary for an effective reorganization.

CAUSE UNDER **11 USC §362(d)(1)**

'Cause' for relief from stay is governed by **§362(d)(1).** The burden for relief under **§362(d)(1)** lies on the creditor to establish 'cause' for relief from stay. ***In re Schaffer***, 597 B.R. 777, 789-790 (Bankr.E.D.Pa. 2019). If that initial cause is established, then the burden shifts to the Debtor to show that relief is inappropriate, and that the Movant is otherwise adequately protected. ***Id.*** 'Cause' is not defined in the Bankruptcy Code, and instead must be determined by the totality of the circumstances based on the facts of a particular case. ***Olayer***, 577 B.R. 471, 471 (Bankr.W.D.Pa. 2017). In completing

---

[1] For ease of reading, all citations to statutory authority refer to Title 11 of the United States Code unless otherwise specified.

1

its analysis, the Court may look at the policies behind the Bankruptcy Code, as well as the interests of the Debtor, other creditors, and any other parties. *In re Scalera*, 521 B.R. 513, 516 (Bankr.W.D.Pa. 2014).

A slim and eroding equity cushion can be used as a basis for 'cause' for relief from stay. *In re Olayer*, 577 B.R. at 471. By the same token, a substantial enough equity cushion, standing alone, can provide the adequate protection necessary to deny relief from stay. *Id*. When reviewing the equity cushion, the court should consider the size of the cushion, the rate that cushion is eroding, whether periodic payments are made to prevent or mitigate that erosion, and if the property is to be liquidated, the likelihood of a reasonably prompt sale. *Id*. Cash payments also can provide adequate protection, separate from a sufficient equity cushion. *In re Dye*, 502 B.R. 47, 54 (Bankr.M.D.Pa. 2013)("Typically, adequate protection is provided to a creditor through periodic payments, but an 'equity cushion' alone may suffice.")

EQUITY AND EFFECTIVE REORGANIZATION UNDER 11 USC §362(d)(2)

Separately from the question of 'cause', relief may be granted where there is no equity in the real property, and the property is not necessary to an effective reorganization. **§362(d)(2)**. The Movant has the burden of proving the lack of equity in a subject property, while the Debtor has the burden of proof on all other issues. **§362(g)**.

'Equity', like 'cause', is not defined under the Bankruptcy Code. *In re Indian Palms Associates, LTD*., 61 F.3d 197, 207 (3rd Cir. 1995). However, the classic test for determining equity under **§362(d)(2)** is by comparing the total liens on the property against the value of that property. *Id*. Unlike the 'equity cushion' seen in adequate protection analysis under **§362(d)(1)**, an analysis of 'equity' under **§362(d)(2)** looks at all liens on the real property, including liens junior to that of the secured creditor. Id.

Even if there is no equity in the real property, the Movant may obtain relief only if the real property is not necessary to an effective reorganization. *In re Indian Palms Associates*, 61 F.2d at 209. To show the property is necessary for an effective reorganization, the Debtor must show that a proposed or confirmed Plan is not patently un-confirmable and has a realistic chance of being confirmed. *John Hancock Mutual Life Insurance Co. v. Route 37 Business Park Associates*, 987 F.2d 154, 157 (3rd Cir. 1993). In other words, there must be a reasonable possibility of a successful reorganization within a reasonable time. *In re Dye*, 502 B.R. 47, 57 (Bankr. M.D.Pa. 2013). The Debtor must also establish the property at issue is essential for the proposed organization. *Id.*

OTHER LEGAL ISSUES

In this case, the Debtor has a legal interest in the property pursuant to a land sale contract, which the Debtor's Plan proposes to pay in full over the life of the bankruptcy Plan. Due to that, this Court will have to address a legal question as to the value of the Debtor's specific interest, and if said value is different from the fair market value of the property. In Pennsylvania, land sale contracts act as a hybrid between security devices and executory contracts. *In re Fox*, 83 B.R. 290, 291 (Bankr.E.D.Pa. 1988). While bankruptcy courts have thus allowed a land sale contract to be treated as a secured claim for Chapter 13 Plan purposes, as in the *Fox* case, the Debtor is not aware of any cases that discuss specifically what the appropriate 'value' of land sale contract is – whether that's the value of the legal interest itself, or the fair market value of the underlying property. **Pennsylvania's Installment Land Contract Law**, 68 P.S. §901 *et. seq.*, does not provide substantial guidance on this front.

The closest cases appear to assume that fair market value is the appropriate standard, but do not squarely address this issue. See *In re: Gochenaur*, 1995 WL 465332, 5 (Bankr.M.D.Pa. 1993) and *In re Zimmerman*, 31 B.R. 122, 123-124 (Bankr.M.D.Pa. 1983). As this question will have a direct impact on this Court's analysis of equity and any equity cushion, even if the Debtor maintains relief is inappropriate in either circumstance, the Debtor feels it is relevant to bring the matter to this Court's attention.

Dated: 12/2/2020

/s/Justin P. Schantz
Justin P. Schantz, Esq.
David A. Colecchia and Associates
324 S. Maple Ave.
Greensburg, PA 15601-3219
724-837-2320
PA ID 210198
jschantz@my-lawyers.us