IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Andrew Koteles<br>　　　　Debtor, | Case No. 17-23972-JAD<br><br>Chapter 13 |
| Steve Levandosky and Linda Levandosky,<br>His wife<br>　　　　Movants,<br>v.<br><br>Andrew Koteles and Ronda J. Winnecour<br>Chapter 13 Trustee,<br>　　　　Respondents | Docket Document No.<br>Related to DD No. 81 |

## ORDER OF COURT

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion for Relief from the Automatic Stay filed by Steve Levandosky and Linda Levandosky, based on the findings of fact stated on the record at the evidentiary hearing of January 6, 2021, and for the reasons stated at that same evidentiary hearing, the Movant's Motion is GRANTED IN PART AND DENIED IN PART.  More specifically, while Relief from the Automatic Stay is GRANTED to Movants Steve and Linda Levandosky, said relief is STAYED so long as the Debtor makes full and complete Plan payments starting from the date of this Order forward.

　　　This Court further ORDERS the following:

　　　　　1. The Debtor shall file proof of insurance with this Court on or before January 13, 2021.

2. The Debtor shall serve unredacted copies of proof of insurance with Movant and the Chapter 13 Trustee on or before January 13, 2021, and shall file a Certificate of Service in conformity therewith.

3. The Debtor shall file an Amended Plan on or before January 13, 2021, and shall serve the same on all parties forthwith.  Objections to this Plan shall be filed on or before _____, 2021, and a conciliation conference shall be held on _____, 2021 at _____ __.M. via Zoom.

4. To the extent objections to the Plan cannot be resolved at the time of the conciliation, a contested hearing on the Plan shall be held on _____, 2021.  At that hearing, the parties shall identify the specific factual and legal issues that remain in dispute, and to the extent additional testimony is needed, an evidentiary hearing shall be scheduled for _____, 2021.

5. The Debtor shall send full and complete Plan payments pursuant to the proposed Amended Plan to the Chapter 13 Trustee by the 21st of each month, beginning January 21, 2021.

6. If the Debtor's proposed Amended Plan is confirmed on a final basis, then the Debtor shall send full and complete Plan payments pursuant to that confirmed Plan to the Chapter 13 Trustee by the 21st of each month, beginning January 21, 2021.

7. If the Chapter 13 Trustee fails to receive a full and complete Plan payment by the end of each month, or if Steve and Linda Levandosky fail to receive any payment for a given month, upon affidavit of default by the Trustee or the Levandoskys, this Court shall grant relief from the automatic stay to the Movants without further notice or hearing.

8. This Order shall terminate when the Movant has been paid in full, as indicated by notice of the Chapter 13 Trustee pursuant to her normal operating procedures, unless the Movant objects to said notice. Any objections to the Trustee's notice shall be addressed through this Court's normal procedures.

9. Nothing in this order shall prohibit the Debtor from 'pre-paying' Plan payments, e.g. making two full Plan payments in one month, so long as the Debtor makes all Plan payments on or before the date they are due.

BY THE COURT:

_____
Jeffery A. Deller, Judge
United States Bankruptcy Court
Western District of Pennsylvania